**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4849**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOEY CARL MINDER,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Senior District Judge.  (1:06-cr-00445-WLO)

Submitted: March 11, 2009          Decided:  April 13, 2009

Before WILKINSON, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nash E. Long, III, Ryan G. Rich, James D. Humphries, IV, Melissa
A. Patterson, HUNTON & WILLIAMS, LLP, Charlotte, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney,
Robert M. Hamilton, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Carl Minder appeals his conviction and sentence following the jury verdict finding him guilty of twelve counts of mail fraud in violation of 18 U.S.C. § 1341 (West Supp. 2008) and 18 U.S.C. § 2 (2006), one count of securities fraud in violation of 15 U.S.C. §§ 77q(a), 77x (West 2000 & Supp. 2008) and 18 U.S.C. § 2 (2006), and one count of possessing and uttering a forged endorsement on a check in violation of 18 U.S.C. § 513(a) (2006).

In 1998, William McNulty introduced Minder to a financial investment scheme promising unusually high rates of return, which purportedly involved overseas accounts managed by "Donald," a multi-millionaire European trader of financial investments. The investment scheme was classically fraudulent; it used money received from later victims to pay earlier victims. McNulty and Minder were indicted on October 31, 2006 for engaging in a common scheme to defraud investors using interstate mail. At Minder's trial, McNulty, who had pled guilty to the charges filed against him, exercised his Fifth Amendment privilege against self-incrimination.

During Minder's direct testimony, Minder's counsel attempted to introduce into evidence as an exception to the hearsay rule pursuant to Fed. R. Evid. 803(3) "instant messages" from McNulty to Minder. These messages indicated "Donald" was a

2

fictitious character. Counsel argued that the messages constituted evidence that Minder, until that revelation, believed the investment program was legitimate rather than fraudulent. Following the Government's objection, the district court excluded the evidence as hearsay. On appeal, Minder acknowledges the district court properly excluded the evidence under Fed. R. Evid. 803(3), but contends that the district court should have allowed it under Fed. R. Evid. 804(b)(3).

Because Minder justifies the admissibility of the proposed evidence before this court under a different evidentiary theory than advanced below, we review the district court's evidentiary ruling for plain error. See United State v. Lowe, 65 F.3d 1137, 1144 (4th Cir. 1995). Under Fed. R. Crim. P. 52(b), this court may correct: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732-34 (1993); Lowe, 65 F.3d at 1144.

The parties agree the instant messages are hearsay. Hearsay is generally not admissible in evidence. Fed. R. Evid. 802. However, Fed. R. Evid. 804(b)(3) provides an exception to the rule when an unavailable declarant has made a statement against penal interest. A statement is admissible under this exception if: (1) the speaker is unavailable; (2) the statement

3

is actually adverse to the speaker's penal interest; and (3) corroborating circumstances clearly indicate the trustworthiness of the statement. <u>United States v. Bumpass</u>, 60 F.3d 1099, 1102 (4th Cir. 1995). The party seeking to introduce the statement has a formidable burden of establishing these prerequisites. <u>Id.</u> We find Minder fails to establish the requisite elements to this hearsay exception. We further find that even if the district court's exclusion of the proffered statements was erroneous, such exclusion does not constitute plain error because the district court's ruling was not so prejudicial as to deny Minder a fair and impartial trial.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4